UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CORTEZ DEJUAN ALFORD, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | 1:13-CV-64 *Judge Mattice* |
| CORRECTION CORPORATION OF AMERICA, DR. STULTZ, and WARDEN JENNINGS, Suing All Defendants in Their Individual and Official Capacities; | ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

## **MEMORANDUM**

Plaintiff Cortez Dejuan Alford ("Plaintiff") filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 2) and a motion to proceed *in forma pauperis* (Doc. 1). The Court previously granted in part and denied in part Plaintiff's motion to proceed *in forma pauperis* (Doc. 5—Court's Memorandum and Order). Accordingly, the Clerk is **DIRECTED** to term that motion (Doc. 1).

Plaintiff claims Defendants denied him medical care for the blood in his stool and urine, the tissue and blood coming from his anus, and the resulting pain, all in violation of the Fourteenth Amendment.

On December 19, 2013, the Court issued a memorandum and order, after reviewing Plaintiff's complaint and dismissing some of the defendants, directing Plaintiff to complete service packets and return them to the Clerk's office within twenty days. On that same date the Clerk mailed the documents to Plaintiff. Plaintiff previously had changed his address without notifying the Court, because the mailing was returned to

the Court on January 16, 2014, with a hand written note: "Released 3-28-13" and a sticker stamped "Return to Sender Unable to Forward" (Doc. 6).

Local Rule 83.13 Parties not represented by counsel (*pro se*) provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address. In addition, a party appearing for himself/herself shall sign his/her pleadings and include his/her address and telephone number. The failure of a *pro se* plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. Parties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.

Plaintiff has not notified the Court of a current address in violation of LR 83.13. Consequently, the Court is unable to mail a copy of the memorandum and order to him. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case or comply with the Court's orders. Plaintiff has failed to comply with his responsibility to keep the Court apprised of his current mailing address at all times and prosecute his case. The Court's inability to communicate with Plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and

prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court, and the Clerk will be **DIRECTED** to close the case. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

      */s/ Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE

3

Case 1:13-cv-00064-HSM-SKL   Document 7   Filed 02/04/14   Page 3 of 3   PageID #: 31